# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MATTIE P. DRAIN | CIVIL ACTION NO. 22-5784 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ERIC X. COFFEY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiff's appeal [Record Document 70] from the Magistrate Judge's order, Record Document 69, regarding Defendant's, Certain Underwriters at Lloyd's Subscribing to Policy No. SCT1104820 ("Certain Underwriters"), motion to take a supplemental deposition of Plaintiff, Record Document 67. The Magistrate Judge granted Certain Underwriters' request. Record Document 69. For the reasons that follow, the Magistrate Judge's ruling is **AFFIRMED**.

In their motion, Certain Underwriters noted that Plaintiff had previously been deposed by other Defendants; however, at the time of the previous deposition, Certain Underwriters had not been named as a Defendant, and thus was unable to participate in the deposition. Record Document 66 at 1-2. Therefore, Certain Underwriters requested leave of court to take a second deposition of Plaintiff "regarding matters not previously covered in the prior deposition and events that have taken place since the [P]laintiff's first deposition." *Id.* at 2. Magistrate Judge Hornsby granted the motion and ordered that Certain Underwriters be permitted to take a supplemental deposition of Plaintiff. Record Document 69. This appeal, pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule (74.1), followed shortly thereafter. [Record Document 70].

Under the Federal Magistrate Act, a magistrate may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

The Magistrate Judge's decision to grant Certain Underwriters' request to take a supplemental deposition was plausible in light of the record. Certain Underwriters has not had the opportunity to depose the Plaintiff because it was not a party to the litigation at the time of the Plaintiff's original deposition. Thus, it was not an error to provide Certain Underwriters with such an opportunity so long as the second deposition is not a "re-asking and re-answering of the first deposition." *See Donahue v. Wilder*, No. CV 15-499-JWD-RLB, 2018 WL 9649984, at *2 (M.D. La. Apr. 10, 2018).

Having reviewed the parties' arguments, the Magistrate Judge's order, and Plaintiff's objection and appeal, the Court concludes that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's order is **AFFIRMED**.

**THUS DONE AND SIGNED** this 24th day of January, 2024.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE